UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:19-cv-00353-RBD-DCI

MICHAEL P. MCCOY, individually
and as Assignee of Jordan Rasinski,

    *Plaintiff*,

v.

GEICO GENERAL INSURANCE COMPANY,

    *Defendant*.
_____/

## AMENDED COMPLAINT

Plaintiff, Michael P. McCoy, individually and as assignee of Jordan Rasinski, sues Defendant, GEICO General Insurance Company, as follows:

### Nature of Action

1. This is an action seeking damages arising from GEICO's failure to settle a covered claim brought by Michael P. McCoy against GEICO's insured, Jordan Rasinski ("Mr. Rasinski"), resulting in an excess judgment being entered against Mr. Rasinski.

### Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 28 U.S.C. §1332 due to the parties' diversity of citizenship.

3. The matter in controversy exceeds the sum of $75,000.00, exclusive of interest, costs and attorney's fees.

4. Venue is proper in this judicial district because the acts giving rise to this action occurred in Seminole County, Florida. The subject automobile accident and the underlying lawsuit occurred in Seminole County, Florida.

## The Parties

5. At all material times Michael McCoy was a resident of Seminole County, Florida, was a citizen of and domiciled in the State of Florida, and is otherwise *sui juris*.

6. At all material times Jordan Rasinski was a resident of Seminole County, Florida, was a citizen of and domiciled in the State of Florida, and is otherwise *sui juris*.

7. At all material times, GEICO was a foreign corporation, incorporated in the State of Maryland, with its principal place of business in Chevy Chase, Maryland. At all material times, GEICO was licensed to conduct business in Florida and actively conducted the business of selling automobile insurance policies in Florida.

## General Allegations

8. 8. The Policy: GEICO issued an automobile insurance Policy which was in effect on January 19, 2010 (the "Policy").  Plaintiff is not in possession of a certified copy of the Policy but GEICO has custody and control of the Policy.

9. The Policy contained bodily injury coverage with limits of $100,000 per person.

10. Under the terms of the Policy and the obligations placed on it by Florida Law, GEICO was required to defend and indemnify all covered claims against Mr. Rasinski within the limits of the Policy, and to settle all covered claims against Mr. Rasinski where it could and should have done so had it acted fairly and honestly towards Mr. Rasinski and with due regard for Mr. Rasinski's interests.

11. 11. The Accident: On or about January 19, 2010, when the Policy was in full force and effect, Mr. Rasinski negligently operated the vehicle in Oviedo, Florida causing it to collide into the right side of Mr. McCoy's vehicle (the "Accident").

12. Mr. Rasinski was wholly liable for the Accident.

13. The Insurance Dispute: GEICO was timely notified of the loss and assigned Claim Number 036212481-0101-014.

14. It was readily apparent that the damages suffered by Mr. McCoy exceeded the Policy's limits.

15. On April 25, 2011, Mr. McCoy offered to settle his claims against Mr. Rasinski in exchange for payment of the Policy's bodily injury limits. The offer required that payment be tendered within 30 days of April 25, 2011.

16. GEICO responded on May 24, 2011 by counter-offering in the amount of $30,0000 to settle the claim.

17. Mr. McCoy replied by letter dated June 6, 2011, acknowledging GEICO's rejection of his offer to settle and notifying GEICO of his intention to file a lawsuit against Mr. Rasinski.

18. The Underlying Lawsuit: On April 12, 2012, a lawsuit was filed by Mr. McCoy against Jordan Rasinski in the 18th Judicial Circuit in and for Seminole County, Florida, seeking to recover damages arising out of the Accident.

19. The Underlying Lawsuit proceeded to trial where the jury awarded damages against Mr. Rasinski in the amount of Two Million, One Hundred Thirty Thousand Dollars ($2,130,000.00). On February 6, 2018, an Amended Final Judgment in the amount of One Million, Seven Hundred Forty-Four Thousand and Nine Hundred Sixty Two Dollars and Forty Four cents ($1,744,962.44) was entered. See Amended Final Judgment, attached as Exhibit A.

20. The Settlement and Assignment Agreement: On May 15, 2019, Mr. Rasinski entered into a Settlement and Assignment Agreement with Mr. McCoy. A copy of the Settlement and Assignment Agreement is attached as Exhibit B.

21. As part of the Settlement and Assignment Agreement, Mr. Rasinski assigned Mr. McCoy his right, title, and interest in any cause of action he may have against GEICO arising from GEICO's failure to settle Mr. McCoy's claim when it could and should have done so, had it acted fairly and honestly toward Rasinski and with due regard for her interests.

22. Mr. McCoy engaged the undersigned counsel to represent him in this action, and agreed to pay a reasonable fee for services rendered.

23. All conditions precedent to bringing this action have been performed, waived, or have otherwise occurred.

## COUNT I – COMMON LAW BAD FAITH

24. Plaintiff realleges the facts set out in Paragraphs 1 through 23 as if fully set forth herein.

25. GEICO owed a duty to Mr. Rasinski to use the same degree of care and diligence in investigating and adjusting the claims arising from the Accident as a person of ordinary care and prudence should exercise in the management of his or her business.

26. GEICO owed a duty to Mr. Rasinski to place Mr. Rasinski's interests above its own and protect Mr. Rasinski against individual liability arising from the Accident.

27. GEICO owed a duty to Mr. Rasinski to make all decisions regarding the handling and settlement of the claims made by Mr. McCoy against Mr. Rasinski in good faith and with due regard for Mr. Rasinski's interests. GEICO owed a duty to Mr. Rasinski to settle covered claims against Mr. Rasinski where a reasonably prudent person faced with the prospect of paying the total recovery would do so.

28. GEICO breached the above duties to Mr. Rasinski by failing to properly evaluate and promptly settle the claims against him within the Policy's limits when it could and should have done so.

29. As a direct and proximate result of GEICO's breaches of its duties, Mr. Rasinski suffered damages in the amount of the judgment against him.

WHEREFORE, Plaintiff demands judgment against GEICO for damages, including the Amended Final Judgment amount, pre-and post-judgment interests, attorney's fees and costs related to the defense of the Underlying Action and those related to this action pursuant to Fla. Stat. §§ 624.155(4), 627.428, and/or §626.9373, costs, and any other relief this Court deems just and proper.

Plaintiff hereby requests trial by jury on all issues so triable.

                          Respectfully submitted,

                          VER PLOEG & MARINO, P.A.
                          301 E. Pine Street, Suite 790
                          Orlando, FL 32801
                          407-380-9312
                          407-601-7905 *facsimile*

                          /s/ Stephen A. Marino, Jr.
                          **Stephen A. Marino, Jr.**
                          Florida Bar No. 79170
                          smarino@vpm-legal.com
                          smcgee@vpm-legal.com
                          **Arya Attari Li**
                          Florida Bar No. 58847
                          ali@vpm-legal.com
                          cmiller@vpm-legal.com
                          *Counsel for Michael P. McCoy*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on June 4, 2019, on all counsel or parties of record on the Service List below.

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr.**

## SERVICE LIST

| | |
|---|---|
| B. Richard Young, Esq. | Stephen A. Marino, Jr., Esq. |
| Megan E. Alexander, Esq. | Arya Attari Li, Esq. |
| George H. Featherstone, Esq. | Ver Ploeg & Marino, P.A. |
| Zachary D. Williams, Esq. | 301 E. Pine Street, Suite 790 |
| Young, Bill, Boles, Palmer, | Orlando, Florida 32801 |
|  Duke & Thompson, P.A. | 407-380-9312 |
| 401 E. Jackson Street, Suite 2950 | 407-601-7905 *facsimile* |
| Tampa, FL 33602 | smarino@vpm-legal.com |
| 813-603-3006 | smcgee@vpm-legal.com |
| 813-603-3011 *facsimile* | ali@vpm-legal.com |
| ryoung@flalawyer.net | cmiller@vpm-legal.com |
| malexander@flalawyer.net | memanuel@vpm-legal.com |
| gfeatherstone@flalawyer.net | *Counsel Michael P. McCoy* |
| zwilliams@flalawyer.net | |
| jdearborn@flalawyer.net | |
| *Counsel for GEICO General Ins. Co.* | |